UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN CARSON WATKINS,

     Plaintiff,

v.                          Case No.:  8:22-cv-1709-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Helen Carson Watkins seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on March 27, 2015, alleging disability beginning February 17, 2015. (Tr. 86, 181-82). The application was denied initially and on reconsideration. (Tr. 86, 99). Plaintiff requested a hearing and on October 2, 2018, a hearing was held before

Administrative Law Judge Laureen Penn. (Tr. 34-73). On October 24, 2018, ALJ Penn entered a decision finding Plaintiff had not been disabled from February 17, 2015, through the date of the decision. (Tr. 26). On August 30, 2019, the Appeals Council denied Plaintiff's request for review. (Tr 1-5).

Plaintiff appealed the decision to the United States District Court, and on March 23, 2021, the Court reversed and remanded this matter to the Commissioner for further administrative proceedings. (Tr. 914-26). On April 14, 2021, the Appeals Council vacated the October 24, 2018 decision and remanded the case to the ALJ for further proceedings. (Tr. 911).

The case was assigned to ALJ John Dawkins ("ALJ") who held a hearing on December 13, 2021. (Tr. 874-908). On February 2, 2022, the ALJ entered a decision finding Plaintiff was not under a disability from February 17, 2015, the alleged onset date, through September 30, 2019, the date last insured. (Tr. 856-66). On May 31, 2022, the Appeals Council denied Plaintiff's exceptions. (Tr. 845-49).

Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 28, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act on September 30, 2019. (Tr. 858). At step one of the

sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from February 17, 2015, the alleged onset date, through her date last insured of September 30, 2019. (Tr. 858). At step two, the ALJ found that Plaintiff had the following severe impairments: "rheumatoid arthritis, gastritis, neuropathy, chronic kidney disease, hypertension, congestive heart failure, and obesity." (Tr. 858). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 860).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant can only frequently use her right upper extremity for grasping/fine manipulation, stooping, crouching, kneeling, and crawling. She can only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.

(Tr. 862).

At step four, the ALJ determined that though the date last insured Plaintiff was capable of performing past relevant work as a customer service rep (order clerk) as it is generally performed. (Tr. 865-66). The vocational expert testified that Plaintiff's RFC would not preclude performance of her past relevant work as a customer service

representative/order clerk. (Tr. 866). The ALJ also noted that the vocational expert testified that even if the exertional level in the RFC was reduced to sedentary with the same additional limitations, Plaintiff could still perform this past relevant work. (Tr. 866). The ALJ concluded that Plaintiff had not been under a disability from February 17, 2015, the alleged onset date, through September 30, 2019, the date last insured. (Tr. 866).

## II.    Analysis

On appeal, Plaintiff raises five issues:

(1)    Whether the ALJ erred at step two by finding certain impairments non-severe;

(2)    Whether the ALJ properly assessed medication side effects;

(3)    Whether the RFC was based on substantial evidence;

(4)    Whether the ALJ posed a complete hypothetical to the vocational expert; and

(5)    Whether the ALJ properly evaluated Plaintiff's subjective complaints.

(Doc. 18, p. 11, 12, 14, 16, 17)

## A.    Step Two Findings

Plaintiff contends that in the first decision, ALJ Penn found additional severe impairments that were not included in the most recent decision, but should have been. (Doc. 18, p. 11). Plaintiff argues the ALJ should have included impairments involving the right hand, radiculopathy and multilevel degenerative changes in the

spine, gout, hyperlipidemia, arthritis of the right knee, polyarthritis, and restrictive lung disease. (Doc. 18, p. 11).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step

three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's right-hand impairments, radiculopathy and multilevel degenerative changes in the spine, gout, hyperlipidemia, arthritis of the right knee, polyarthritis, and restrictive lung disease as severe impairments, any error is harmless because the ALJ characterized other impairments – rheumatoid arthritis, gastritis, neuropathy, chronic kidney disease, hypertension, congestive heart failure, and obesity – as severe. (Tr. 858). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's impairments in assessing the RFC.

As an initial matter, the Appeals Council vacated the first decision by ALJ Penn and remanded the action to ALJ Dawkins. Thus, ALJ Dawkins was not legally bound by the findings in the first decision and ALJ Dawkins' findings as to the severity of Plaintiff's impairments was not inconsistent with the Appeals Council's remand order. *See Gibbs v. Barnhart*, 130 F. App'x 426, 430 (11th Cir. 2005). Thus, ALJ Dawkins did not err by failing to adopt the severity findings from the first decision.

In the decision, the ALJ discussed the non-severe impairments when assessing the RFC.[1] Beginning with Plaintiff's hand complaints, the ALJ summarized Plaintiff's testimony concerning her hand impairments, including numbness, inability to hold objects, and unhelpful injections. (Tr. 862). The ALJ reported that Plaintiff was receiving treatment for peripheral neuropathy in her hands, and in particular her right hand. (Tr. 863). The ALJ noted that the State agency examiner found Plaintiff limited to light work with frequent handling and fingering bilaterally. (Tr. 865). The ALJ considered Plaintiff's hand impairments in the decision, and

---

[1] While Plaintiff asserts that ALJ Dawkins failed to adopt impairments involving the right hand, radiculopathy and multilevel degenerative changes in the spine, gout, hyperlipidemia, arthritis of the right knee, polyarthritis, and restrictive lung disease as severe impairments, Plaintiff only discusses the spine disorders and right hand or arm complaints. (Doc. 18, p.12). Thus, Plaintiff waived any step two error as to gout, hyperlipidemia, arthritis of the right knee, polyarthritis, and restrictive lung disease. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding claimant waived issue because he did not elaborate on claim or provide citation to authority on claim); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022).

limited Plaintiff in the RFC to frequent use of her upper right extremity for grasping/fine manipulations.

As to the spine impairments, the ALJ thoroughly reviewed Plaintiff's medical records regarding various abnormalities of the spine to determine if the spine impairments were severe. (Tr. 858). The ALJ noted that "[d]ue to the lack of consistently abnormal examinations, including strength, sensation, and range of motion, these spine disorders are non-severe for purposes of this analysis." (Tr. 860). The ALJ also considered Plaintiff's gout, right knee pain, arthritis, hyperlipidemia, restrictive lung disease or shortness of breath. (Tr. 862-865). Moreover, the ALJ stated that he considered all of Plaintiff's medically determinable impairments, including those that were not severe when assessing the claimant's residual functional capacity. (Tr. 860). Thus, even if the ALJ erred in not finding additional impairments severe, the error is harmless because the ALJ considered all of Plaintiff's impairments when assessing the RFC.

### B.    Medication Side Effects

Plaintiff argues that the ALJ did not properly consider the side effects of her various medications. (Doc. 18, p. 12). Plaintiff claims that she complained of drowsiness, dizziness, sleepiness, impaired balancing dysfunction, nausea, fainting, and blurred vision, which the ALJ failed to take into account in the RFC. (Doc. 18, p. 12-13).

In the decision, the ALJ considered Plaintiff's medications and the side effects they allegedly caused. The ALJ noted she was prescribed pain medication for her various pain diagnoses, and medication for hypertension, congestive heart failure, hyperlipidemia, hyperuricemia, chronic renal failure, and peripheral neuropathy. (Tr. 859, 863). In considering Plaintiff's subjective complaints, the ALJ considered any side effects from these medications. (Tr. 864). The ALJ noted that Plaintiff had one incident where she slipped in a public bathroom and injured her forehead, but there was no indication of dizziness or nausea that caused her fall and no records of other falls. (Tr. 864). The ALJ concluded, "[t]here is no evidence of persistent nausea or balance problems as a direct symptom or side effect of medications. (Tr. 864).

The ALJ also found that any medication side effects where considered and support Plaintiff being limited to light work with accommodation for occasional incidents of dizziness and nausea by limiting the RFC to only occasionally climbing ramps and stairs, but never climbing ladders, ropes, or scaffolds. (Tr. 865). In addition, the ALJ considered all of Plaintiff's symptoms and the extent these symptoms could reasonably be accepted as consistent with the objective and other evidence of record, citing 20 C.F.R. § 404.1529 and SSR 16-3p. (Tr. 862). *See Robinson v. Comm'r of Soc. Sec.*, 649 F. App'x 799, 802 (11th Cir. 2016) (finding that even though the ALJ did not specifically mention Plaintiff's medication side effects, she cited the regulations that require her to consider them in evaluating

Plaintiff's subjective complaints, and discredited Plaintiff's testimony, which was sufficient). Thus, the ALJ did not err in consideration of any side effects of Plaintiff's medications.

### C.    RFC Assessment

Plaintiff contends that the ALJ did not properly assess Plaintiff's RFC by failing to include certain subjective complaints, such as joint pain from carpal tunnel syndrome, arthritis and stenosing synovitis of the fingers in the right hand, osteoarthritis of the right knee, and more. (Doc. 18, p. 14). Plaintiff claims that "[i]t is difficult to reasonably assess that an individual with such moderate-to-severe symptoms can perform light or even sedentary work with the walking, standing and lifting requirements and carry 10 pounds at a time up to 20 pounds occasionally. (Doc. 18. P. 14-15). Plaintiff cites an April 2017 physical examination, in which Plaintiff was found with a decreased range of motion and weakness in the cervical region due to neck pain and diminished sensation at the L4, L5, and S1 levels. (Doc. 18, p. 15). Plaintiff also cites her testimony of generalized weakness due to involuntary and uncontrolled stomach or digestive problems and numbness. (Doc. 18, p. 15).

Prior to step four, the ALJ must assess Plaintiff's RFC, the most she can do despite her limitations. 20 C.F.R. § 404.1545(a). It consists of a claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical

and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a). An ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the action. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (3). The ALJ must consider *all* of a claimant's medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). "The ALJ makes this determination by considering a claimant's physical, mental, and other abilities affected by the impairment." *Id.* (citing 20 C.F.R. § 404.1545(b)-(d)).

In the decision, the ALJ discussed Plaintiff's complaints about her hands going numb and being unable to hold objects, her knee pain, arthritis, gout, abdominal issues, and medication side effects. (Tr. 862-64). He considered and weighed this evidence along with all of the objective and other evidence of record in assessing the RFC. Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, the ALJ's decision finding Plaintiff capable of

performing work at the light level with additional limitations is supported by substantial evidence and the ALJ applied the correct legal standard.

### D.    Hypothetical to Vocational Expert

Plaintiff argues that the ALJ should have included Plaintiff's subjective complaints of abdominal issues, gout, back pain, numbness and tingling in the right upper and lower extremities, nausea, fatigue, blurred vision, dizziness, drowsiness, sleepiness, nausea, and medication side effects in the hypothetical to the vocational expert. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Here, the ALJ included all of Plaintiff's impairments that he found supported by the record in the hypothetical to the vocational expert. The ALJ limited the individual to light level of exertion with the further limitations of frequent use of the

right upper extremity for grasping and for fine motor limitations, frequent stooping, crouching, kneeling, and crawling, and occasional climbing of ramps, ladders, ropes or scaffolds. (Tr. 903-904). And the RFC limited Plaintiff even further to never climbing ladders, ropes, or scaffolds. (Tr. 862). The ALJ was not required to include impairments not supported by the record in the hypothetical to the vocational expert. Substantial evidence supports the ALJ's reliance on the vocational expert's testimony based on the hypotheticals posed to the vocational expert.

### E.    Subjective Complaints

Plaintiff argues that substantial evidence does not support the ALJ's consideration of Plaintiff's subjective complaints. (Doc 18, p. 17). Plaintiff claims that the ALJ discounted Plaintiff's complaints and symptoms because her treatment was sporadic and conservative, but ignored the fact that more aggressive measures were appropriate but not administered due to economic reasons. (Doc. 18, p. 17).

Generally, a claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court]

- 17 -

to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, after summarizing Plaintiff's testimony, the ALJ found generally:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 862-63). The ALJ then thoroughly summarized the medical records. (Tr. 863-64). After this summary, the ALJ determined:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the evidence does not show repeated falls, as the claimant testified. She had one incident where she slipped in a public bathroom and injured her forehead, but there was no indication of dizziness or nausea as the cause of her fall and there are no other records of falls. There is no evidence of persistent nausea or balance problems as a direct symptom or side effect of medications. The claimant has had problems controlling her hypertension, but records suggest that is a compliance issue and it is controllable. After thorough review of the evidence, and considering the District Court Order, the undersigned finds that there is no basis to find greater limitations than the assessed residual functional capacity. The medical evidence of record from the relevant period is generally consistent with the limitations assigned by the prior Administrative Law Judge. Even if the lack of medical evidence from the period at issue is excused by the claimant's lack of ability to obtain care due to insurance issues, the care that she did receive is conservative, without notation that her

> physicians felt that more aggressive measures were
> appropriate, but not administered due to economic constraints.

(Tr. 864-65).

The ALJ considered the location, duration, frequency, and intensity of Plaintiff's pain, the precipitating and aggravating factors, her medications and side effects therefrom, and her treatment to assess the RFC. He found no evidence of repeated falls, no evidence of persistent nausea or balance problems as a result of the medication, and her hypertension was controllable with medication. He also found that even if Plaintiff's sporadic medical care could be excused due to lack of funds, the care she received was conservative and her physicians did not include notes that more aggressive treatment was not administered due to economic constraints. (Tr. 864-65). The ALJ clearly articulated his reasons for not finding Plaintiff's subjective statement entirely consistent with the medical and other records, and considered Plaintiff's medical condition as a whole. Substantial evidence supports the ALJ's reasons in finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms not entirely consistent with the medical and other evidence of record.

## III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 7, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties